# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10691
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DAVID JAMES WEST,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 2:12-CR-49-2

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David West ("West") appeals his jury conviction of the unlawful sale and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disposition of a firearm to Donald West ("Donald"), who had been convicted of a felony and who West knew or had reason to believe had been convicted of a felony.  West contends that his trial counsel rendered ineffective assistance on various grounds; the record, however, is insufficiently developed to allow consideration of West's claims of ineffective assistance; such claims generally "cannot be resolved on direct appeal when the claim[s have] not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted).  We thus decline to consider those claims on direct appeal.  *See United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008).

West further contests the denial of his motion for severance under Federal Rule of Criminal Procedure 14.  He maintains that he was prejudiced by being jointly tried with Donald because the evidence of Donald's guilt had a "spillover effect" that prejudiced the jury's ability to evaluate fairly the charges against him.  Severance was not needed, though, because this case did not involve inflammatory facts or complex crimes that precluded the jury from being able to assess the evidence against each defendant separately and individually.  *See United States v. Rocha*, 916 F.2d 219, 229 (5th Cir. 1990); *United States v. Bermea*, 30 F.3d 1539, 1572-74 (5th Cir. 1994).

Even if there was a "spillover effect," West has not shown that the district court failed to protect him from any prejudice by issuing instructions that directed the jury to review the evidence against each defendant separately and individually and to render an impartial verdict for each defendant.  *See United States v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998); *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993).  Thus, West has not shown that

the court abused its discretion by denying severance on this basis.  *See United States v. Erwin*, 793 F.2d 656, 665-66 (5th Cir. 1986).

West claims that he should have been granted a severance because he and Donald had "mutually antagonistic defenses."  Because West failed to raise this argument in the district court, the issue is subject to plain-error review only.  *See United States v. Bernard*, 299 F.3d 467, 475 (5th Cir. 2002); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

The record reflects that the defenses offered by West and Donald, neither of which the jury believed, were not inherently irreconcilable or contradictory such that the jury, in order to believe the core of one defense, had to disbelieve the other.  *See United States v. Rojas–Martinez*, 968 F.2d 415, 419 (5th Cir. 1992).  As noted, the court instructed the jury to consider the evidence as to each defendant separately and individually and not to treat the comments made by counsel, including Donald in his *pro se* capacity, as substantive evidence.  Those jury instructions adequately protected West against any prejudice, and he has not shown that the court plainly erred by denying his motion to sever on this basis.  *See United States v. Mann*, 161 F.3d 840, 863 (5th Cir. 1998); *Bernard*, 299 F.3d at 475.

Finally, West argues that joinder was improper under Federal Rule of Criminal Procedure 8(b) because he was not charged with being a conspirator in, or an accomplice to, the bank robbery committed by Donald, and thus he should not have been charged in the same indictment.  Because West did not raise in the district court an improper-joinder argument under Rule 8(b), he has likely waived any argument on this basis.  *See Bermea*, 30 F.3d at 1572.

In any event, West's claim of improper joinder is unavailing.  West and Donald did not need to be charged together in each count of the indictment or to have engaged in all of the same act or acts.  Rule 8(b); *United States v.*

No. 13-10691

*McRae*, 702 F.3d 806, 821 (5th Cir. 2012). The record reflects that West and Donald were alleged to have engaged in the same transaction or series of acts —i.e., the transfer of a firearm—that constituted criminal offenses, so joinder was proper. *See* Rule 8(b).

AFFIRMED.